UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE WASHINGTON WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:07-CV-732
(Criminal Case No. 1:05-CR-270)

HON. GORDON J. QUIST

# OPINION

## I. Introduction

This Court has before it George Washington Williams' ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the Court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

## II. Procedural History

On January 25, 2006, Petitioner pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). On April 26, 2006, this Court sentenced Petitioner to 57 months

incarceration. He appealed his conviction and sentence. Both were affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Williams*, No. 06-1677 (6th Cir. May 25, 2007). The mandate in the appeal was issued on June 20, 2007. On July 26, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255.

### III.  No Ineffective Assistance of Counsel

Petitioner now claims that he was denied effective assistance of counsel. Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must show deficient performance by counsel. This requires that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).

#### A.  Failure to Negotiate a Better Plea Agreement

As his first argument seeking relief, Petitioner claims that his counsel was ineffective for not negotiating a more favorable plea agreement in that a dismissed count could be considered in determining the applicable guideline range. Petitioner's plea agreement specifically says that in determining his sentence, "the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range..." (Plea Agreement at 1.) This is consistent with the Sentencing Guidelines, U.S.S.G. § 6B1.2(a). Furthermore, the Assistant United States Attorney in open court reviewed the plea agreement in detail (*see* Plea Tr. 18-28), including the following statement:

> Paragraph 2 indicates that we will dismiss the remaining count, that being Count 1, at the time of sentencing. It is agreed, however, that in determining a sentence the Court may consider the dismissed count in determining the applicable sentencing guideline range.

2

Most importantly, Petitioner has come forth with no evidence that the government would have negotiated a better plea agreement with Petitioner, nor has Petitioner shown that another plea agreement would be helpful to him. The Court sentences defendants–not the government, nor defense counsel, nor a combination of them. The Court certainly would not have accepted a plea agreement that ignored facts that were brought to the Court's attention by the Presentence Investigation Report ("PSR"). U.S.S.G. § 6B1.2(a). Petitioner's argument seeking relief is without merit.

### B. Failure to Explain the Plea Agreement

Petitioner next claims that he received ineffective assistance of counsel because his attorney did not thoroughly explain the plea agreement, and Petitioner would have made a better decision in either rejecting or accepting the plea agreement with unindicted statutes (i.e., 18 U.S.C. §§ 924(e) and 924(g)) in it. Petitioner was indicted by a grand jury for having violated 26 U.S.C. § 5861(d), possession of an unregistered sawed-off shotgun. Petitioner was not charged with an offense under § 924, and his sentence was not enhanced pursuant to § 924. The magistrate judge who took Petitioner's plea made sure that Petitioner had read and understood the plea agreement. The plea agreement acknowledges that if the Court finds that Petitioner had three prior convictions referred to in 18 U.S.C. §§ 924(e) and 924(g)(1), he could be sentenced to at least 15 years and up to life in prison, plus any accompanying conditions.

It is hard to understand Petitioner's point here because he was never sentenced pursuant to § 924. The only reason that section was in the Plea Agreement, as explained by the government at the time of plea, was to forewarn someone who had been convicted of more offenses than the government knew of at the time of plea. *See*, Plea Tr. 19-20. This warning was reemphasized by Magistrate Judge Brenneman, who took Petitioner's plea. *See*, Plea Tr. 23. Petitioner's argument

3

on this point is further flawed from a constitutional perspective, but it is sufficient at this time to point out that his argument is without merit because § 924 was never an issue at sentencing.

### C. Failure to Object to Enhancements

Petitioner next argues that his counsel was ineffective for failing to object to: (1) a sentence enhancement based on the number of firearms involved; (2) sentence enhancements based on marijuana possession with intent to distribute; and (3) an inaccurate criminal history calculation in the PSR. All of Petitioner's missed objection claims are groundless.

First, there was an objection to an enhancement for the number of firearms involved, and the Court ruled on the objection. Second, counsel should not make objections when there is no good faith basis for an objection. Petitioner was informed in the plea agreement, and again at the time of his plea, that the dismissed charge–possession of a firearm in connection with drug trafficking–would be considered at sentencing. Additionally, the citation of cases in making an argument or rendering an opinion is not accepting evidence outside of the record, and the Court can cite cases outside of the Sixth Circuit. Third, Petitioner's criminal history category was accurately calculated in the PSR, and Petitioner does not show otherwise. Petitioner assumes that if counsel had objected to all of this, the objections would have been sustained. He does not show why, and nothing could be further from the truth.

### D. *Booker* and *Blakely*

Finally, Petitioner argues that his counsel was ineffective for failing to preserve *Booker* and *Blakely* arguments. This argument also appears in section C as listed above. The problem is that Petitioner misrepresents the record. *See* Criminal Docket #25, filed on April 25, 2006 (Petitioner, through his counsel, explicitly raises *Booker and Blakely* arguments).

## CONCLUSION

In *United States v. Hyde*, 520 U.S. 670, 117 S. Ct. 1630 (1997), a unanimous Supreme Court reiterated the importance of the plea proceeding under Fed. R. Crim. P. 11. Pleas are not to be lightly entered into nor are they lightly accepted by this court. *See id.* at 674-76, 117 S. Ct. at 1632-34. In this case, all of the requirements of Rule 11 were met. Petitioner entered an informed and voluntary plea in which he acknowledged, under oath, that he understood his rights and the consequences of his plea. The Court found that he understood all of this. Petitioner has shown no reason why his plea or sentence should be set aside. Therefore, his petition will be denied.

### IV.  No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## V. Conclusion

For these reasons, Petitioner's § 2255 Motion (docket #1) is DENIED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability is DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.


Dated:  January 3, 2008              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE